UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL A. ANDERSON, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 12-0607 (CKK) |
| ERIC HIMPTON HOLDER, JR., *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Federal Respondents' Motion to Transfer *Pro Se* Petition for Writ of *Habeas Corpus* and Incorporated Memorandum of Law and petitioner's Motion to Construe Petitioner['s] 28 U.S.C. § 2241 and 2242 as a Request for Declaratory Relief Pursuant to U.S.C.A. §§ 1331, 2201.  The Court grants the former and denies the latter.

Petitioner, who is incarcerated at the Rivers Correctional Institution in Winton, North Carolina, generally challenges the calculation of his sentences.  According to petitioner, he has served the entire sentence imposed by the Superior Court of the District of Columbia, yet he has been awarded neither a certification of completion, *see* Pet. at 4-5, institutional and statutory good time credit, *see id.* at 3-6, nor "street time," *see id.* at 6-7.

Where, as here, a prisoner "challeng[es] the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see Muhammad v. Close*, 540 U.S. 749, 750

(2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."). The relief petitioner demands sounds in habeas, and there is no basis upon which this Court properly may exercise jurisdiction.

A habeas action is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's warden, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), and "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). The Court will grant respondents' motion to transfer this matter to the Eastern District of North Carolina.

An Order accompanies this Memorandum Opinion.

DATE: January 18, 2013              /s/
                                     COLLEEN KOLLAR-KOTELLY
                                     United States District Judge